# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### Baltimore Division

-------------------------------------------------------X

In re:

    BRETT BUCKMAN,                  Case No. 21-17932 (MMH)
                                                 Chapter 7

                Debtor.

-------------------------------------------------------X

tZERO CRYPTO, INC.,

                Plaintiff-Creditor,

       - against -                          Adv. Pro. No.

BRETT BUCKMAN,

                Defendant-Debtor.

-------------------------------------------------------X

## COMPLAINT OBJECTING TO DISCHARGE OF tZERO'S CLAIM PURSUANT TO 11 U.S.C. § 523(a)

Plaintiff tZERO Crypto, Inc., a creditor in the above-referenced bankruptcy proceeding, by and through its attorney and pursuant to 11 U.S.C. § 523(a)(2) and (4) and Rules 4007 and 7001(6) of the Federal Rules of Bankruptcy Procedure, as and for its Complaint Objecting to Discharge of its claim against Defendant-Debtor Brett Buckman alleges as follows.

### JURISDICTION AND VENUE

1.     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

2.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (I).

3.     Plaintiff consents to the entry of a final order or judgment by this Court.

## THE PARTIES

4. Plaintiff- Creditor tZERO Crypto, Inc. ("tZERO") is a Utah corporation engaged in the business of, among other things, providing a platform for trading digital assets.

5. Defendant-Debtor Brett Buckman, the debtor in this bankruptcy proceeding (the "Debtor"), is an individual residing at 304 Greenway, Bel Air, MD 21014.

## THE FACTS

6. On or about August 5, 2021, the Debtor enrolled for an account (the "tZERO Enrollment") with tZERO for the purpose of buying and selling digital assets supported by tZERO and for access to the custodial services of Prime Trust, LLC, a Nevada chartered trust ("Custody Provider"), which maintains an account for the Debtor to hold the Debtor's digital assets and fiat currency (the "Account").

7. The tZERO Enrollment is governed by the tZERO Crypto User Agreement (the "User Agreement"), which provides in the initial paragraph that "[b]y enrolling for an account …, you agree that you have read, understood, and accept all of the terms and conditions contained in this Agreement."

8. Pursuant to the User Agreement, the account-holder is required to link the tZERO Enrollment with a financial institution such as a bank for the purpose of funding digital asset transactions, and tZERO is authorized, among other things, to transmit instructions to fund the Account to the Custody Provider, which in turn is authorized to initiate debits or charges from the account-holder's bank account to fund transactions in the Account.

9. The account-holder is obligated to pay for all purchases made in the Account and, pursuant to § 4.10 of the User Agreement:

> If a Funding or Exchange Transaction is not successful or if your Account has insufficient funds or if such transaction is declined for any other reason, you authorize tZERO Crypto and the Custody

>Provider, in their sole discretion, either to cancel the Funding or Exchange Transaction or to debit any of your other payment methods or your Account balance in any amount necessary to complete the Funding or Exchange Transaction, in accordance with applicable laws. You are responsible for maintaining an adequate balance and/or sufficient credit limits in order to avoid overdraft, insufficient funds, or similar fees charged by your bank or payment provider.

10. On or about September 30, 2021, the Debtor made five separate purchases of Bitcoin and received into his Account a total of $49,505.80 worth of Bitcoin.

11. The fees associated with the purchases totaled $494.07.

12. Accordingly, the payment due (inclusive of associated fees) to tZERO for the Bitcoin purchases was $49,999.87.

13. Payments from the Debtor's US Bank bank account for the Bitcoin purchases were received in the Account and in reliance on the transfer of payment, tZERO released the Bitcoin to the Debtor.

14. Although the payments from the Debtor's US Bank bank account for the Bitcoin purchases were received in the Account, US Bank subsequently reversed the ACH transactions on October 26, 2021, with the result that the Bitcoin purchases were not paid for.

15. At the 341 Hearing, the Debtor stated that it was *at his direction* that US Bank reversed the transfers intended to – and tZERO understood would – pay for the multiple Bitcoin purchases.

16. The Debtor's testimony at the 341 Hearing evidences his fraudulent scheme to obtain the Bitcoin from tZERO without paying for it, and that at the time he placed the orders, he never intended to pay for them.

17. tZERO relied on the transfer of funds by the Debtor into the Account in releasing the Bitcoin purchases to him.

18. As the next step in the Debtor's fraudulent scheme, on October 12 and October 14, 2021, the Debtor transferred virtually all of the Bitcoin to another digital wallet, further evidencing his intent not to pay for the multiple Bitcoin purchases and to secrete his assets from creditors, including tZERO.

19. Thereafter, tZERO reached out to the Debtor on several occasions for the purpose of obtaining payment, but the Debtor failed to respond to any of those contacts.

20. By letter dated December 1, 2021 from tZERO's counsel, tZERO demanded that the Debtor pay in full the approximately $50,000 due and outstanding for the Bitcoin purchases by no later than December 13, 2021.

21. The Debtor responded to the demand letter by acknowledging to tZERO's counsel the outstanding debt, and stating that (i) he had more than enough money in another crypto wallet to pay what he owed, (ii) he would make the payment on December 16, 2021, the date the assets in the other crypto wallet were to become "unstaked," and (3) asking that tZERO wait until December 16, 2001 to get paid.

22. In reliance upon the Debtor's representation that he would make payment on December 16, 2021, tZERO forbore from taking any additional actions against the Debtor.

23. On December 16, 2021, the Debtor failed to make any payment and his counsel, without further explanation, informed tZERO's counsel that the Debtor would not be making any payment, thereby evidencing the Debtor's knowledge and intent at the time he told tZERO's counsel that he would make payment on December 16, 2021, that he would never make the payment from the assets in his other crypto wallet.

24. To date, the Debtor has not paid any portion of the outstanding balance that is due and owing.

4

25. The Debtor further stated at the 341 Hearing that prior to the bankruptcy he had transferred the funds in his US Bank bank account to a family member's bank account, further evidencing his scheme and original intent at the time of the Bitcoin purchases (i) not to pay for them, and (ii) to secrete his assets from creditors, including tZERO.

26. The Debtor made these serial false representations knowing they were false and intending to deceive tZERO regarding his intent not to pay for the Bitcoin, and knowing tZERO would reasonably and justifiably rely upon them first, in releasing the Bitcoin to him and second, in forbearing from taking legal action against him.

27. tZERO reasonably and justifiably relied upon the Debtor's false representations in releasing the Bitcoin to him and would never have released the Bitcoin if it knew the Debtor was going to reverse the ACH transactions and attempt to secrete his assets.

28. tZERO reasonably and justifiably relied upon the Debtor's false representations that he would pay what he owed using crypto assets in another digital wallet on December 16, 2021, the date those assets were to become "unstaked," and would never have refrained from taking immediate legal action against him if it knew the Debtor was not going to make payment on December 16, 2021.

29. By reason of the foregoing, tZERO has been damaged in an amount to be determined at trial that is no less than $49,999.87.

30. The foregoing conduct constitutes a series of frauds perpetrated by the Debtor on tZERO.

**COUNT ONE**
**(Objection to Discharge of Claim Pursuant to 11 U.S.C. 523(a)(2)(A))**

31. tZERO repeats and realleges each and every allegation set forth above as if fully set forth herein.

32. Pursuant to 11 U.S.C. 523(a)(2)(A), an individual debtor shall not be discharged from any debt "for money, property, services, or an extension, renewal or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's … financial condition."

33. Pursuant to 11 U.S.C. 523(a)(2)(A), the Debtor's debt to tZERO should be excepted from discharge because it is a debt "for money, property, services, or an extension, renewal or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's … financial condition."

## COUNT TWO
### (Objection to Discharge of Claim Pursuant to 11 U.S.C. 523(a)(4))

34. tZERO repeats and realleges each and every allegation set forth above as if fully set forth herein.

35. Pursuant to 11 U.S.C. 523(a)(4), an individual debtor shall not be discharged from any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

36. Pursuant to 11 U.S.C. 523(a)(4), the Debtor's debt to tZERO should be excepted from discharge because it is a debt "for … larceny."

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff-Creditor tZERO Crypto, Inc. respectfully requests that judgment be entered in its favor against Defendant-Debtor Brett Buckman on each Count (1) declaring that the Debtor is not entitled to a discharge in bankruptcy with respect to his debt to tZERO, and (2) awarding tZERO costs, expenses, attorneys' fees and such other and further relief as may appear just and proper.

Dated: March 24, 2022

        McGONIGLE, P.C.
        Attorneys for Plaintiff-Creditor tZERO Crypto, Inc.

By:       s/ Daniel T. Brown
        Daniel T. Brown
        1001 G Street, NW
        Seventh Floor
        Washington, D.C. 20001
        202.661.7020
        Email: dbrown@mmlawus.com
        Maryland U.S. District Court Number: 28941

        Barry S. Gold
        1185 Avenue of the Americas, 21st Fl.
        New York, New York 10036
        212.880.3999
        Email: bgold@mmlawus.com
        Admitted *pro hac vice* by Order dated March 22, 2022 (Dkt # 23 in Bankruptcy Case)